IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02116-BNB

RICHARD L. MONTOYA,

Applicant,

v.

KEVIN MILYARD, SCF Warden,
ARISTED [sic] ZAVARAS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 05 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant, Richard L. Montoya, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Montoya initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Adams County District Court case number 02CR1327. He has paid the $5.00 filing fee.

In an order filed on October 6, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On November 12, 2008, after being granted an extension of time, Respondents filed their pre-answer response asserting that the instant action is barred by the one-year limitation period and that Mr. Montoya

failed to exhaust state remedies as to his one asserted claim, i.e., that the aggravated range sentence imposed in his criminal case was unconstitutional because no jury made a finding as to the elements used to support the enhanced sentence. On December 31, 2008, Mr. Montoya filed a reply to the pre-answer response.

The Court must construe liberally the application and the reply filed by Mr. Montoya because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period. Because the Court will dismiss the action as time-barred, the Court will not address Respondents' remaining arguments for dismissal.

Mr. Montoya originally was charged with attempted first-degree murder after deliberation, sexual assault (with several aggravators), first-degree assault, domestic violence, and mandatory, crime-of-violence, sentence enhancers. The case was tried, and resulted in a hung jury. Subsequently, pursuant to a plea bargain, Mr. Montoya pleaded guilty to charges of attempted first-degree murder after deliberation and domestic violence.

As part of the plea agreement, all other counts would be dismissed and the sentence would be capped at thirty-two years in prison. The parties agreed that the arrest warrant affidavit and preliminary hearing transcript would serve as a factual basis for the guilty plea, and the trial court accepted the plea. Following a sentencing hearing, the trial court sentenced Mr. Montoya to thirty-two years of imprisonment in the

DOC, the agreed-upon sentence cap. The trial court based the sentence, in part, on two exceptional circumstances, i.e., the brutality of the crime and the fear the attacks instilled in the victim.

Mr. Montoya appealed the sentence directly to the Colorado Court of Appeals as an abuse of discretion. On April 8, 2004, the Colorado Court of Appeals dismissed the appeal. *See People v. Montoya*, No. 03CA0266 (Colo. Ct. App. Apr. 8, 2004) (not selected for publication). The basis for the dismissal was that, under Colorado law, specifically Colo. Rev. Stat. § 18-1-409(1), a defendant is not entitled to appeal a bargained-for sentence as an abuse of discretion. On August 16, 2004, the Colorado Supreme Court denied certiorari review. Mr. Montoya does not allege that he sought certiorari review in the United States Supreme Court.

On January 5, 2005, Mr. Montoya filed a motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure, which the trial court denied on January 26, 2005. Mr. Montoya did not appeal from the denial of the Colo. R. Crim. P. 35(b) motion.

On June 28, 2006, he filed a Colo. R. Crim. P. 35(c) postconviction motion, in which he raised the claim he now raises in this federal habeas corpus proceeding. On August 2, 2006, the trial court denied the motion. On April 24, 2008, the Colorado Court of Appeals affirmed. *See People v. Montoya*, No. 06CA1964 (Colo. App. Apr. 24, 2008) (not selected for publication). Mr. Montoya did not petition for certiorari review. The Court received the instant habeas corpus application on September 19, 2008, and filed it on October 1, 2008.

As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Although Mr. Montoya did not file a petition for writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days after the Colorado Supreme Court

4

denied certiorari review on August 16, 2004, to do so. *See* Sup. Ct. R. 13. Therefore, figuring from August 17, 2004, the day after the Colorado Supreme Court denied his certiorari petition, his conviction became final on November 15, 2004, when the time for seeking review in the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

Mr. Montoya does not allege that unconstitutional state action prevented him from filing the instant action sooner, that he is asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or that he could not have discovered the factual predicate for his claims at the time he was convicted and sentenced. Therefore, the one-year limitation period began to run on November 16, 2004, the day after his conviction became final. Mr. Montoya did not submit his application to this Court until September 19, 2008.

Respondents concede that the one-year limitation period was tolled while the postconviction motions Mr. Montoya filed were pending in state court, and this Court agrees. Therefore, the period from January 5, 2005, to January 26, 2005, when the Colo. R. Crim. P. 35(b) motion for sentence reconsideration was pending in state court, plus the period from January 27, 2005, to March 13, 2005, the forty-five days during which Mr. Montoya could have sought an appeal under state law, *see Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000), *see also* Colo. R. App. P. 4(b), do not count against the one-year limitation period.

Likewise, the period from June 28, 2006, to April 24, 2008, during which the trial court denied the Colo. R. Crim. P. 35(c) postconviction motion, and the Colorado Court

of Appeal affirmed, plus the period from April 25, 2008, to June 9, 2008, the forty-five days during which Mr. Montoya could have petitioned for certiorari review under state law, see *Gibson*, 232 F.3d at 804, see also Colo. R. App. P. 4(b), do not count against the one-year limitation period.

However, the 51 days after Mr. Montoya's became final on November 15, 2004, until January 5, 2005, when he filed his Colo. R. Crim. P. 35(b) motion for sentence reconsideration in state court, count against the one-year limitation period. In addition, the gap of 472 days from March 13, 2005, when the time expired for appealing from the denial of the Colo. R. Crim. P. 35(b) motion, to June 28, 2006, when Mr. Montoya filed the Colo. R. Crim. P. 35(c) postconviction motion in state court, counts against the one-year limitation period.

Lastly, the 102 days between June 9, 2008, when the time expired for petitioning for certiorari review of the denial of the Colo. R. Crim. P. 35(c) postconviction motion, and September 19, 2008, when the Court received the instant habeas corpus application for filing, also counts against the one-year limitation period. Therefore, a total of 625 days counts against the one year limitation period, and the instant application is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. **See *Miller v. Marr*,** 141 F.3d 976, 978 (10th Cir. 1998). Simple excusable neglect is not sufficient to support equitable tolling. **See *Gibson v. Klinger*,**

6

232 F.3d 799, 808 (10th Cir. 2000). Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. **See Miller**, 141 F.3d at 978. The inmate must allege with specificity the steps he or she took to pursue his federal claims diligently. **Yang v. Archuleta**, 525 F.3d 925, 930 (10th Cir. 2008). Finally, Mr. Montoya bears the burden of demonstrating that equitable tolling is appropriate in this action. **See id.**

Mr. Montoya contends that he failed to file the instant action in a timely manner because his counsel only informed him of the three-year limitation period for filing a state postconviction motion pursuant to Colo. Rev. Stat. 16-5-402(1), and did not inform him of the one-year limitation period for filing a federal habeas corpus application. Reliance upon the erroneous advice of an attorney will not support equitable tolling. **See Woods v. Denver Dep't of Revenue**, 818 F. Supp. 316, 318 (D. Colo. 1993). The alleged ineffectiveness of Mr. Montoya's counsel does not constitute the extraordinary circumstances warranting equitable tolling of the one-year limitations period for bringing a federal habeas corpus application, absent demonstration of the specific steps that Mr. Montoya took to pursue his federal claims diligently. **See Yang**, 525 F.3d at 930. Mr. Montoya has failed to allege with specificity the steps he took to pursue his federal claims diligently.

Therefore, Mr. Montoya fails to allege any facts that might justify equitable tolling of the one-year limitation period. The Court finds that Mr. Montoya fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that the prisoner's motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 that Applicant, Richard L. Montoya, filed with the Court on September 19, 2008, is denied as moot because Applicant paid the $5.00 filing fee for this action on October 2, 2008.

DATED at Denver, Colorado, this 5 day of Feb., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02116-BNB

Richard L. Montoya
Prisoner No. 83335
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/5/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk